UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA INGE KARSCH,

   Plaintiff,

   v.

MICHAEL CHERTOFF, *et al.*,

   Defendants.

Case No. C07-0957RSL

ORDER GRANTING MOTION TO REMAND TO USCIS AND REMANDING CASE

## I. INTRODUCTION

This matter comes before the Court on a motion (Dkt. #8) filed by defendants to remand this matter to United States Citizenship and Immigration Services ("USCIS") to adjudicate plaintiff's application for naturalization. For the reasons set forth below, the Court grants defendants' motion.

## II. DISCUSSION

On June 20, 2007, plaintiff filed with this Court her Petition for Determination of Naturalization Application. She seeks *de novo* review of her pending application for naturalization (Form N-400) (the "application"). Plaintiff's naturalization interview was conducted on February 6, 2007. Plaintiff's security checks were completed prior to her

ORDER GRANTING MOTION
TO REMAND TO USCIS - 1

interview.  USCIS is prepared to adjudicate her application within thirty days of remand.

The relevant statute, 8 U.S.C. § 1447(b), provides:

> If there is a failure to make a determination under [8 U.S.C. § 1446] before the end of the 120-period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Once a plaintiff files a petition for a naturalization hearing under 8 U.S.C. § 1447(b), the district court assumes exclusive jurisdiction over the naturalization application.  United States v. Hovsepian, 359 F.3d 1144, 1159 (9th Cir. 2004).  Accordingly, even though USCIS is prepared to adjudicate the application, it cannot do so while this matter is pending before the Court.

Plaintiff argues that remand would be futile because USCIS has recently confirmed its decision to deny her application.  Plaintiff's Exhibit 1 (explaining that the agency intends to deny plaintiff's application because of her recent extended absence and "minimal proof that she has not abandoned her residence here in the United States during such period").[1]  However, even if the agency denies her claim, plaintiff may request a hearing before an immigration officer.  8 U.S.C. § 1421(c), (d); 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.  Although plaintiff fears that this process will result in additional delay, she could also obtain a favorable result.

Plaintiff also argues that she will face hardship if the case is remanded because she must obtain U.S. citizenship by January 26, 2008 in order to retain her dual citizenship with Germany.  If she obtains U.S. citizenship after that date, she will lose her German citizenship.  However, the parties have not shown that plaintiff will be unable to pursue her administrative appeal, and potentially obtain a favorable result, by that date.  Also, plaintiff does not argue that she is unable to obtain an extension of time from the German government.

Plaintiff notes that she has been waiting for a decision from the agency for over eight

---

[1] Because the Court prefers to consider matters with the benefit of a complete record, it has considered plaintiff's exhibits even though they are not attached to any declaration and are not authenticated.

ORDER GRANTING MOTION
TO REMAND TO USCIS - 2

months.  The Court is sympathetic regarding the delays plaintiff has faced.  However, it is not clear that she will obtain a more favorable and expeditious result from this Court, which would have to conduct a *de novo* hearing following discovery by the parties.  Furthermore, based on the documents plaintiff has submitted, the agency may have a legitimate reason for denying her application.

Other factors also weigh in favor of remand.  The statute expressly provides that courts can remand to the agency to "determine the matter."  8 U.S.C. § 1447(b).  In addition, the agency has agreed to adjudicate the application within thirty days of remand.  Most importantly, the agency is in the best position to render a decision on plaintiff's application because it is the designated agency responsible for determining the issuance of immigration benefits.  A remand would serve the interests of judicial economy.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion (Dkt. #8), REMANDS this case to USCIS for adjudication of plaintiff's naturalization application within thirty days, and DISMISSES this action without prejudice.

DATED this 29th day of October, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO REMAND TO USCIS - 3